IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert D. Page, #298953, ) | CIVIL ACTION NO: 9:09-0952-HFF-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| A. J. Padula; A. L. Tedder, Caseworker at ) | |
| Lee Correctional; Miss Roach, Caseworker ) | |
| at Kershaw Institution; Mr. Pittman, ) | |
| Caeworker at the Kershaw Institution, all ) | |
| being sued officially and individual ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights. Presently before the Court is a motion filed by the Plaintiff for a temporary restraining order (TRO) under Rule 65(b), Fed.R.Civ.P. Defendants oppose Plaintiff's motion.

Rule 65(b) deals with the issuance of a TRO without written or oral notice to the adverse party. Since the Defendants have obviously received notice and have in fact filed a response to Plaintiff's motion, it is more appropriately considered as a Rule 65(a) motion for a preliminary injunction. In any event, both a preliminary injunction and a temporary restraining order are extraordinary remedies which will not be granted unless there is a clear showing of both likely

- 1 -



success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, No. 08-1977, 2009 WL 2408735, at * 3 (4th Cir. August 5, 2009); see Winter v. Natural Resources Defense Counsel, Inc.,, ___ U.S. ___, 129 S. Ct. 365, 374-376 (2008); Neiswender v. Bank of America, No. 09-2595, 2009 WL 1834406 at * 1 (N.D.Cal. June 23, 2009)["A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction."] (citing New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2 (1977); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 129 S. Ct. at 374. Further, all four requirements must be satisfied. The Real Truth About Obama, Inc., 2009 WL 2408735, at * 2.

Plaintiff asserts in his motion that he is being held under cell restriction/lock-down in the Chesterfield Unit at the Lee Correctional Institution, and that the conditions of his confinement are violating his constitutional rights and impeding his access to the Court. These claims essentially mirror the claims being asserted by Plaintiff in his complaint, in which he also seeks preliminary and/or injunctive relief. Based on the filings and arguments presented, the undersigned finds that Plaintiff has failed to show a sufficient likelihood that he will succeed on the merits of his claim to entitle him to the extraordinary remedy of the granting of a preliminary injunction, nor has he met this standard in showing a likelihood of irreparable harm or that the issuance of such an injunction would be in the public interest.

As an initial matter, it must be noted that Plaintiff's voluminous and continued court



filings, not just in the case at bar but in his other cases as well,[1] belie his claims that his conditions of incarceration are impeding his access to the court. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[District Court clearly had the right to take notice of its own records]. With respect to the remainder of his claims, Plaintiff makes only general and conclusory allegations in his motion with respect to purported violations of his constitutional rights regarding the conditions of his confinement. The Court cannot issue injunctions or restraining orders based on such unsubstantiated claims, which Plaintiff will be able to fully litigate and have resolved in his underlying action. The Real Truth About Obama, Inc., 2009 WL 2408735, at * 2 [Plaintiff must make a "clear showing" that he is entitled to relief, not just a "possibility" of irreparable harm]. Further, the Court cannot assume for purposes of Plaintiff's motion that the Defendants are engaging in unlawful acts, nor is it appropriate for the Court to issue an order enjoining the Defendants from engaging in activity which they have denied they are engaging in in the first place.

Hence, Plaintiff has demonstrated neither the clear likelihood of irreparable harm to him if the injunction is not granted, nor has he demonstrated a clear likelihood that he will succeed on the merits sufficient to justify the issuance of an injunction. Additionally, the issuance of an injunction such is being sought by the Plaintiff would undermine prison officials' ability to effectively manage prisons and maintain order and discipline. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008). Finally, the public interest weighs in favor of policies which encourage security in prisons. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C.

---

[1]Plaintiff is a frequent filer of litigation in this Court.



Sept. 20, 2006); see Winter, 129 S. Ct. at 376-377 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

Therefore, as Plaintiff has failed to meet the standard for issuance of a TRO or preliminary injunction, it is recommended[2] that his motion be **denied**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 4, 2009

Charleston, South Carolina

---

[2]A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

