IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert D. Page, #298953, ) | CIVIL ACTION NO: 9:09-0952-HFF-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| A. J. Paduly; A. L. Tedder, Caseworker at ) | |
| Lee Correctional; Miss Roach, Caseworker ) | |
| at Kershaw Institution; Mr. Pittman, ) | |
| Caeworker at the Kershaw Institution, all ) | |
| being sued officially and individual; ) | |
| Ms. Mary Bell; Ms. NFN Reames; ) | |
| Jon Ozmint; and Robert Ward; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 16, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was filed by the Court advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a motion for an extension of time to respond to the motion for summary judgment,

- 1 -



which was granted on February 25, 2010. Plaintiff was given until March 12, 2010 to file any response in opposition to the Defendants' motion. However, that period of time has now expired, with Plaintiff having filed no material in opposition to the Defendants' motion, which is now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified complaint[2] that on or about August 28, 2008, he was released from the Special Management Unit (SMU) after serving one year for various rule infractions. Plaintiff alleges that upon his release from the SMU, he was placed at a less desirable security level "without any explanation or why". Plaintiff alleges that a less desirable security level could affect the duration of his sentence. Plaintiff alleges that he was then assigned to the Chesterfield housing unit, which was an inappropriate assignment for him because he does not have that much longer to serve on his sentence. Plaintiff alleges that he should have been given a different classification and assigned to a different prison.

Plaintiff alleges that he has written the Defendants concerning the issues contained herein, and has also filed a grievance, which has not been answered "although the time frame for grievances has ran out". Plaintiff seeks declaratory relief and/or injunctive relief, as well as

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to respond to Defendants' motion, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



monetary damages.

In a verified "supplement"[3] filed June 16, 2009, Plaintiff added several additional Defendants, and also alleged that he was being subjected to an "atypical and significant" hardship by being placed on lockup. Plaintiff further alleges that his placement in lockup was "arbitrary", was an "unjust punishment", and that he has been "sanctioned without the benefit of any type of process". Plaintiff also again complains about his custody level. See generally, Supplement to Complaint.

Although the Defendants have submitted several affidavits in support of summary judgment in this case, for purposes of this opinion the only affidavit discussed will be that of Michelle White. White attests that she is employed by the Department of Corrections as an Inmate Grievance Administrator, and that her duties include the oversight, review, and processing of grievances at the Step 2 level from inmates housed at various institutions across the state.[4] White attests that the allegations contained in Plaintiff's complaint are grievable issues pursuant to SCDC Policy GA 01.12 section 7. White further attests that Plaintiff filed a Step 1 grievance (No: LCI 1876-09) on or about June 29, 2009 concerning his allegations of improper classification. White attests that Plaintiff received the Warden's response to this grievance on December 3, 2009, that Plaintiff signed the notice indicating that he had received it, and that he accepted the Warden's

---

[3]While this "supplement" has a verification format included at the conclusion of this document, it is not executed, and it is not therefore a "verified" amendment to Plaintiff's original complaint.

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc., 425 F.2d 1296; see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



response.

White further attests that Plaintiff filed a Step 1 grievance (No: LCI 2253-09) on or about August 10, 2009 concerning the allegations of being placed on lock down. White attests that Plaintiff received the Warden's response to this grievance on September 2, 2009, that Plaintiff then filed a Step 2 grievance through the LCI grievance coordinator, and that once the Step 2 final agency response has been served to the Plaintiff, he will have thirty days to appeal to the Administrative Law Court.

Finally, White attests that Plaintiff drafted his complaint in this matter on April 3, 2009, which was prior to having filed either of these two grievances.[5] See generally, White Affidavit.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto,

---

[5]A review of Plaintiff's complaint confirms that it was executed by the Plaintiff on April 3, 2009. The envelope accompanying the compliant shows that it was received in the Lee Correctional Institution mail room on April 8, 2009, which would be the filing date pursuant to Houston v. Lack, 487 U.S. 266, 270-76 (1988)[prisoner's pleading deemed filed at the moment of delivery to prison authorities for forwarding to District Court].

- 4 -



405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence submitted in this case, the undersigned finds and concludes that the Defendants are entitled to summary judgment.

Defendants argue in their motion, inter alia, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674,



683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, Defendants have submitted an affidavit from Michelle White who attests that, although Plaintiff did file grievances with respect to the claims he is asserting in this lawsuit, both of these grievances were filed after Plaintiff had already filed this lawsuit. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. For his part, although Plaintiff states in his verified complaint that he had submitted a grievance or grievances concerning these matters, he provides no dates or grievance numbers, nor has he submitted any evidence to show that he in fact exhausted his administrative remedies with respect to these claims. Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants'



evidence that he did not pursue his administrative remedies]; Jacobs v. Pennsylvania Dep't of Corrections, 148 Fed. Appx. 107 at * * 2 (3d Cir. 2005)[Case was dismissed for failure to exhaust where although Plaintiff alleged that he had documents to show exhaustion, he never filed the documents and made no other attempt to support his bare assertion].

Further, the Court has reviewed the voluminous filings of the Plaintiff in this case, and notes that Plaintiff has submitted copies of two grievances, one of which (No: ECI 1858-09) is dated November 17, 2009, after the date Plaintiff filed this action (this grievance also bears no relationship to the claims being asserted in this case). The other Step 1 grievance provided by the Plaintiff (No: LCI 3754-08) shows a filing date of December 23, 2008, which was before Plaintiff filed this action. This grievance appears to relate to the claims being set forth in this case. However, the action taken section of this grievance shows that Plaintiff was advised he needed to properly attempt an informal resolution of this grievance, and it bears the notation "I accept the action taken . . . and consider the matter closed", with the document bearing Plaintiff's signature. Hence, there is no indication that this grievance ever proceeded past the Step 1 level. See, Plaintiff's Exhibits (Court Docket No. 39-1 and 77-1); see also Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial].

In sum, the evidence before the Court shows that Plaintiff either did not properly pursue a grievance concerning the issues raised in this case prior to filing this lawsuit, or he did not even file his grievances until after the lawsuit had already commenced. Therefore, the Defendants are entitled to summary judgment on Plaintiff's claims. Cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking



relief in the courts"]; Harvey, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice for failure of the Plaintiff to exhaust his administrative remedies.[6]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 12, 2010
Charleston, South Carolina

---

[6]The Court is mindful that Plaintiff has separately appealed the Courts's ruling on a motion he had filed in the case to the Fourth Circuit Court of Appeals, and that that appeal has not yet been determined. However, a review of the file indicates that the resolution of that appeal would not affect the evidence and decision set forth herein. Alice L. v. Dusek, 492 F.3d 563, 564 (5th Cir. 2007)["A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal."].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

