IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CLERK, CHARLESTON, SC
2010 OCT 28 A 8: 29

| | |
|---|---|
| Albert D. Page,<br>    Plaintiff, | Case No. 9:09-cv-0952-RMG-BM |
| v. | **ORDER** |
| A.J. Paduly, et. al.,<br>    Defendants. | |

This matter was filed by Plaintiff *pro se* pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pre-trial proceedings and a Report and Recommendation ("Report"). On April 12, 2010, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and that the Complaint be dismissed without prejudice based upon Plaintiff's failure to exhaust his administrative remedies. (Dkt. No. 107). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on June 28, 2010. (Dkt. No. 124).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. When a plaintiff fails to exhaust his or her administrative remedies prior to filing a lawsuit, the case must be dismissed. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Thus, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516 (2002). Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison. The Record demonstrates that Plaintiff has not done so. The numerous filings in this case have been reviewed *de novo* by this Court and the sizable Record shows that Plaintiff either did not properly pursue a grievance concerning the issues raised in this case prior to filing this lawsuit, or he did not even file his grievances until after the lawsuit had already commenced. As a result, the Defendants are entitled to summary judgment on Plaintiff's claims. *Cf. Hyde v. South Carolina Dep't of Mental Health*, 442 S.E.2d 582, 583 (1994) (stating that "[w]here an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts").

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner offers no argument which convinces this court that the Magistrate Judge erred in his analysis. Therefore, the Defendants' motion for summary judgment is **granted** and the case is dismissed *without prejudice* due to Plaintiff's failure to exhaust his administrative remedies. Docket entries 58, 112, 115, and 118 are mooted by this Order.

**AND IT IS SO ORDERED**.

_____
Richard Mark Gergel
United States District Court Judge

October 27, 2010
Charleston, South Carolina